# IN RE DOMINICO M. ET AL.*
## (AC 35047)

Beach, Robinson and Bishop, Js.

Argued February 4—officially released March 13, 2013**

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** March 13, 2013, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Albert J. Oneto IV*, with whom, on the brief, was *Albert J. Oneto III*, for the appellant (respondent father).

*Susan T. Pearlman*, assistant attorney general, with whom, on the brief, was *George Jepsen*, attorney general, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent father,[1] Kenneth M., appeals from the judgments of the trial court terminating his parental rights with respect to his minor children, D, L and N. On appeal, the respondent claims that the court erred in finding that the department of children and families (department) made reasonable efforts to reunify him with his children and that he was unable or unwilling to benefit from reunification services.[2] We affirm the judgments of the trial court.

The record reveals the following relevant facts and procedural history. In January, 2010, the petitioner, the commissioner of children and families, filed an ex parte motion for order of temporary custody for D, L and N; the court granted the motion. During the department's involvement with the respondent, he lived in North Carolina. Specific steps were ordered for the respondent to follow. The petitioner filed a neglect petition for each child, and all three children were adjudicated neglected and committed to the care and custody of the petitioner. The petitioner filed a motion to terminate the respondent's parental rights of D, L and N. In August, 2012,

---

[1] The petitioner, the commissioner of children and families, instituted this termination proceeding against both the mother and the father of the children, naming both as respondents. Only the father has filed this appeal and, for simplicity, all references to the respondent are to the father.

[2] If the department proves that it made reasonable efforts, it need not prove that a parent was unable or unwilling to benefit from services. General Statutes § 17a-112 (j) (1); *In re Jonathan C.*, 86 Conn. App. 169, 173, 860 A.2d 305 (2004). In this case, the trial court found both.

the court, *Bentivegna, J.,* terminated the respondent's parental rights with respect to D, L and N.

The court found both that the department made reasonable efforts to reunite the respondent with his children and that the respondent was unable or unwilling to benefit from the reunification efforts. The court, after reciting at length the subordinate facts, summarized the following facts to support these findings. "The department's efforts were focused on addressing [the respondent's] child protection issues: domestic violence, substance abuse and mental health. [The respondent] was offered and provided with the services to address the child protection concerns including domestic violence assessment and treatment, [Interstate Compact on the Placement of Children, General Statutes § 17a-175 (compact)] home study referrals, substance abuse and mental health assessment referrals, supervised visitation and case management services. The department made efforts to determine the availability of appropriate services for [the respondent] in North Carolina to address the child protection issues and provided the respondent with contact information for the services. Despite the department's reasonable efforts, [the respondent] failed to pursue the recommended services. In March, 2010, the department requested a priority [compact] home study. However, [the respondent] refused to cooperate, and the application was denied on May, 13, 2010. On April 7, 2010, the department provided [the respondent] with [a] domestic violence evaluation in Connecticut that was conducted by James Midgley, who recommended that [the respondent] engage in a family violence assessment and counseling near his residence in North Carolina. [The respondent] was notified of the recommendation as well as provided with information on local family violence, mental health and substance abuse resources. He failed to follow through with any of the domestic violence services.

In 2010, [the respondent] refused to cooperate with a mental health or substance abuse evaluation. Although he participated in some counseling services . . . in North Carolina, he did not disclose his past history of substance abuse and domestic violence and was later discharged." This appeal followed.

On appeal, the respondent raises numerous challenges to the court's factual findings that the department made reasonable efforts to reunify him with his children and that he was unable or unwilling to benefit from reunification services. General Statutes § 17a-112 (j) (1) provides in relevant part that the court must find by clear and convincing evidence that the department "has made reasonable efforts to locate the parent and to reunify the child with the parent . . . unless the court finds in this proceeding that the parent is unable or unwilling to benefit from reunification efforts, except that such finding is not required if the court has determined at a hearing . . . that such efforts are not required. . . ."[3] Accordingly, "the department may meet its burden concerning reunification in one of three ways: (1) by showing that it made such efforts, (2) by showing that the parent was unable or unwilling to benefit from reunification efforts or (3) by a previous judicial determination that such efforts were not [required]. . . . The trial court's determination of this issue will not be overturned on appeal unless, in light of all of the evidence in the record, it is clearly erroneous."

---

[3] "In order to terminate a parent's parental rights under § 17a-112, the petitioner is required to prove, by clear and convincing evidence, that: (1) the department has made reasonable efforts to reunify the family; General Statutes § 17a-112 (j) (1); (2) termination is in the best interest of the child; General Statutes § 17a-112 (j) (2); and (3) there exists any one of the seven grounds for termination delineated in § 17a-112 (j) (3)." (Internal quotation marks omitted.) *In re Melody L.*, 290 Conn. 131, 148–49, 962 A.2d 81 (2009). This appeal focuses on the first element; the respondent does not claim, for example, that the finding that he failed to achieve personal rehabilitation was erroneous.

(Citation omitted; internal quotation marks omitted.) *In re Jonathan C.*, 86 Conn. App. 169, 173, 860 A.2d 305 (2004).

Accordingly, the department was required to prove in the trial court "either that it has made reasonable efforts to reunify or, alternatively, that the parent is unwilling or unable to benefit from reunification efforts. Section 17a-112 (j) clearly provides that the department is not required to prove both circumstances. Rather, either showing is sufficient to satisfy this statutory element." (Emphasis omitted; internal quotation marks omitted.) *In re Anvahnay S.*, 128 Conn. App. 186, 191, 16 A.3d 1244 (2011). The specific steps, which the respondent signed on January 22, 2010, required that he participate in counseling, undergo mental health and substance abuse evaluations, follow recommendations for treatment, undergo a domestic violence evaluation and cooperate with service providers. The record reflects that the respondent failed to follow through with recommended domestic violence services and refused to cooperate with a mental health or substance abuse evaluation. The court found credible evidence that the respondent repeatedly denied that there was any domestic violence in his relationship with the children's mother and refused to comply with recommended counseling. He also claimed that he had not used drugs for fifteen years and refused to comply with the substance abuse assessment and testing. Although he participated in some counseling services in North Carolina, he did not disclose relevant information to his counselor such as his past history of substance abuse or domestic violence; he was discharged from counseling. He also refused to cooperate with a home study under the compact.[4] Such evidence sufficiently

_____

[4] The respondent argues that it was improper for the petitioner to rely on the compact because not all of the provisions of the compact are applicable to nonresident natural parents. See *In re Emoni W.*, 305 Conn. 723, 48 A.3d 1 (2012). In this case, however, the department requested the assistance of North Carolina authorities in providing services in North Carolina, and

supports both of the court's conclusions regarding reunification. We conclude, therefore, that the court did not err in finding that the respondent was unable or unwilling to benefit from reunification efforts and that the department made reasonable efforts to reunify.[5] The court, therefore, did not err in terminating the respondent's parental rights.

The judgments are affirmed.

it did not defer to any determination regarding placement by North Carolina authorities.

[5] We have carefully reviewed all the remaining claims of the respondent. They allege primarily factual errors. We have examined the record and find that the court's conclusions are supported by more than sufficient evidence.

